UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

IN RE: SUBPOENA TO DELTA AIR LINES, INC,  
IN UNITED STATES OF AMERICA  
V.  
BRIAN W. BENDEROFF  
CASE NO.: 2:20-CR-20380

21-mc-_____

/

Christopher E. Tracy (P46738)  
WARNER NORCROSS + JUDD LLP  
180 E Water St., Suite 7000  
Kalamazoo, Michigan 49007  
269.276.8148  
ctracy@wnj.com  
*Attorney for Delta Air Lines, Inc.*

Jeffrey G. Collins  
Collins & Collins, P.C.  
1323 Broadway, Suite 800  
Detroit, MI 48226  
313.963-2303  
jcollins@collinslegal.net

Phillip E. Seltzer  
Lipson, Neilson  
3910 Telegraph Road, Suite 200  
Bloomfield Hills, MI 48302  
248.593-5000  
pseltzer@lipsonneilson.com

## DELTA AIR LINES, INC.'S MOTION TO QUASH SUBPOENA ISSUED BY DEFENDANT BRIAN BENDEROFF

Delta Air Lines, Inc. ("Delta"), by and through its counsel Warner Norcross + Judd LLP, moves this Court for an Order quashing the subpoena issued for Defendant Brian Benderoff in the matter of the United States v. Benderoff, Case No. 20-cr-20380 (a copy of the subpoena is attached as Exhibit 1 to the brief in support of this motion). The subpoena is dated July 30, 2021.

This motion is supported by the accompanying brief. Pursuant to Local Rule 7.1, Delta's counsel spoke with and emailed with counsel for Defendant Benderoff to seek concurrence in the relief requested in this motion. Concurrence was not granted.

                                                                                             Respectfully Submitted,
                                                                                             WARNER NORCROSS + JUDD LLP

Dated: August 11, 2021                        /s/ Chris Tracy
                                                                      Chris Tracy (P46738)
                                                                      Warner Norcross + Judd LLP
                                                                      180 E Water St., Ste. 7000
                                                                      Kalamazoo, Michigan 49007
                                                                      269.276.8148
                                                                      *Attorney for Delta Air Lines, Inc.*

22112280v2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: SUBPOENA TO DELTA AIR LINES, INC, <br> IN UNITED STATES OF AMERICA <br> V. <br> BRIAN W. BENDEROFF <br> CASE NO.: 2:20-CR-20380 | 21-mc-_____ |

Christopher E. Tracy (P46738)
WARNER NORCROSS + JUDD LLP
180 E Water St., Suite 7000
Kalamazoo, Michigan 49007
269.276.8148
ctracy@wnj.com
*Attorney for Delta Air Lines, Inc.*

Jeffrey G. Collins
Collins & Collins, P.C.
1323 Broadway, Suite 800
Detroit, MI 48226
313.963-2303
jcollins@collinslegal.net

Phillip E. Seltzer
Lipson, Neilson
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
248.593-5000
pseltzer@lipsonneilson.com

**BRIEF IN SUPPORT OF DELTA AIR LINES, INC.'S MOTION TO QUASH SUBPOENA ISSUED BY DEFENDANT BRIAN BENDEROFF**

### INTRODUCTION

Defendant Brian Benderoff ("Benderoff") through his counsel issued a subpoena to Delta Air Lines, Inc. ("Delta"). The subpoena is dated July 30, 2021 and is attached as Exhibit 1. The subpoena requests that Delta produce to this Court by or before August 16, 2021, the "[n]ames and last known contact information (including all phone numbers, e-mail addresses, home

1

addresses) to all passengers on Delta flight number 1932 on June 23, 2016." Delta is requesting that this Court quash the subpoena pursuant to Rule 17(c)(2), Fed. R. Crim. P.

## ARGUMENT

Rule 17(c) "was not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974); see also LCrR 17.1; *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951) (invalidating a Rule 17(c) subpoena in a criminal case because it was "not intended to produce evidentiary material but [was] merely a fishing expedition to see what may turn up.") In *Nixon*, the Supreme Court set forth a 4-part test that must be met to compel production of documents or other evidence in advance of a criminal trial or hearing. Pursuant to *Nixon,* the moving party (defendant Benderoff in this instance) must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699-700. In summary, there are three hurdles that Benderoff needs to clear regarding the Delta passenger list and contact information for those passengers that he has requested be produced – he must show: "(1) relevancy; (2) admissibility; and (3) specificity." *Id*. at 700; see also *United States v. Hughes,* 895 F.2d 1135, 1146 (6th Cir. 1990). Defendant Benderoff cannot meet those hurdles. As a result, his subpoena should be quashed.

### A. Benderoff's Subpoena Lacks Specificity as Required in *Nixon*

Benderoff's subpoena seeking the contact information for all passengers on Delta flight 1932 from June 23, 2016, fails to meet that standard and is the epitome of a fishing expedition

that is prohibited under *Nixon* and its progeny. In *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990), the defendant subpoenaed a non-party to produce invoices from whole-sale suppliers for pharmacies. *Id.* at 1145. The district court found that the defendant failed to meet Rule 17's requirements of relevance, admissibility and specificity. *Id.* at 1145-46 (citing *Nixon*). Relying on the *Nixon* test to guide its analysis, the Sixth Circuit affirmed, concluding the defendant had not met the requirements. *Id.* at 1146; *see also United States v. Theunick*, 651 F.3d 578, 591-92 (6th Cir. 2011) (noting production of documents pursuant to Rule 17(c) is appropriate when the *Nixon* test is met).

District courts in the Sixth Circuit, interpreting Rule 17 the same way, have also applied the *Nixon* test. *See United States v. Llanez-Garcia,* No. 1:11-cr-00177, 2011 WL 4073920, at *5 (N.D. Ohio Sept. 13, 2011)(noting a subpoena is only appropriate if the *Nixon* test is met and finding the requests were not specific enough); *see also United States v. Corona*, No. 3:05-CR-148, 2007 WL 1894288, at *1 (E.D. Tenn. July 2, 2007) (determining defendant's requests lack the requisite specificity and seemed to be part of a fishing expedition proscribed by the Supreme Court in *Nixon*); *United States v. Jenks*, 517 F. Supp. 305,307 (S.D. Ohio 1981) (concluding the defendant failed to make the necessary showing under the *Nixon* test to establish good cause for pre-trial production and inspection of subpoenaed materials).

Similarly, in *United States v. Sutton*, No. 3:09-CR-139, 2009 WL 3757690, at *1-2 (E.D. Tenn. Nov. 5, 2009), the defendant subpoenaed an agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives to bring certain documents with him to a pretrial detention hearing, and the government filed a motion to quash, arguing that the defendant was using the subpoena as a means of discovery. In assessing the propriety of the subpoena, the court, following Sixth Circuit precedent, used the standard formulated by the Supreme Court in *Nixon*, and quashed the

3

subpoena on the basis that the defendant made no showing as the relevance of the documents requested. *See also United States v. Jordan*, No. 3:06-CR-102, 2007 WL 1849985, at *4-6 (E.D. Tenn. June 25, 2007) (using the *Nixon* test to determine whether production requested by the defendant pursuant to Rule 17 is proper).

Courts have repeatedly emphasized that finishing expeditions should be prevented by requiring specificity. *See, e.g., United States v. Collins*, No. 11-CR-00471-DLJ (PSG), 2013 WL 1089908, at *4 (N.D. Cal. Mar. 15, 2013); *United States v. Shanahan*, No. S1-4:07 CR 175 JCH, 2008 WL 619213, at *4 (E.D. Mo. Mar. 3, 2008). Under that standard, a defendant must and should know what the evidence subpoenaed consists of or will show. *Shanahan*, 2008 WL 619213, at *4 (quoting *United States v. Johnson*, CR-94-0048 SBA, 2008 WL 62281, at *2 (N.D. Cal. Jan 4, 2008)). Benderoff has not and cannot show that discovery of the personal identifying information ("PII") of Delta's passengers on a flight over five years ago is specific enough to meet that standard.

Courts have also noted that requests for "any and all" types of information – as Benderoff made here – are particularly suspect under the specificity prong of a Rule 17(c) analysis. *See, e.g., id.* at *4-5 (finding defendant's broad "any and all documents relating to" request failed the *Nixon* test because defendant had not requested specific evidentiary items). The Benderoff subpoena is more akin to an expansive, civil discovery request than what is provided for under Rule 17(c) for a criminal lawsuit. *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (upholding the quashing of a subpoena for lack of specificity when defendant requested "all records, documents, reports, telephone logs ... surrounding the investigation into the FBI undercover agent's shooting of Mr. Morris and the agent's entire personnel file.").

If the Court were to order Delta to produce what Benderoff has requested, it is very unlikely that that would amount to any relevant evidence that could be presented to this Court at the suppression hearing scheduled for October 19, 2021. There were 160 passengers on the flight. The contact information of 160 passengers would not amount to any relevant evidence. The contact information is merely that – names, addresses and telephone numbers – none of which are relevant information regarding the suppression issue scheduled to be heard by this Court on October 19, 2021. During the suppression hearing, Benderoff will likely maintain that he was improperly detained by law enforcement when he departed the plane in Detroit in June 2016. The passenger contact information will not aid this Court in analyzing or deciding the issue being presented by Benderoff. Presumably, Benderoff seeks the passenger contact information so that he and/or his representatives can contact the 160 passengers that were on a flight more than 5 years ago to inquire whether any of those passengers might recall anything potentially relevant to Benderoff's version of the events. Setting aside the fact that it is hard to understand how people would recall a random event, unrelated to them, from over 5 years ago, that is the epitome of a fishing expedition and is not allowed under Rule 17(c), *Nixon* and its progeny. *Hughes*, 895 F.2d at 1146; *Theunick*, 651 F.3d at 591-92.

### B. The Passenger Contact Information Is Confidential

Pursuant to 14 C.F.R. 243.9, passenger contact information shall be kept confidential and released only to particular federal agencies set forth in 14 C. F.R. 243.9 that may officially need the information. Delta does not disclose PII of its customers, for various reasons, including as required by 14 C.F.R. 243.9. Delta takes its responsibility to protect its passenger's confidential information very seriously.

### C. Benderoff's Cases Allowing for Production of Passenger Lists as Part of Civil Discovery Are Irrelevant and Do Not Meet the Requirements of *Nixon*

On August 9, 2021, counsel for Benderoff emailed counsel for Delta indicating that in certain civil discovery cases, including, among others, *Jakobot v. American Airlines, Inc.*, 2011 WL 13214326 (S.D. Fla. May 23, 2011), courts have allowed for production of passenger manifests. The standard for production of documents in the civil discovery setting is completely different than here, and is not subject to the analysis and standard set forth in *Nixon*. Accordingly, the *Jakobot* case or any case involving similar requests as part of the civil discovery process are not relevant to the inquiry before this Court.

### D. Benderoff's Subpoena Fails to Comply with the Court's May 4, 2021 Order

The Court's May 4, 2021 Order (ECF No. 45) requires that the production of documents or objects that are the subject of any subpoena be presented to the Court 90 days prior to the October 19, 2021 scheduled suppression hearing. That date was July 22, 2021. Benderoff's subpoena to Delta is dated July 30, 2021—8 days after that deadline–and does not request production to the Court until August 16, 2021, which is 25 days after July 22. Therefore, the subpoena does not comply with this Court's May 4, 2021 order. The subpoena should be quashed for this additional reason.

## CONCLUSION

For the reasons set forth above, Delta respectfully requests that this Court quash the subpoena issued to Delta by Benderoff.

Respectfully Submitted,
WARNER NORCROSS + JUDD LLP

Dated: August 11, 2021

/s/ Chris Tracy
Chris Tracy (P46738)
Warner Norcross + Judd LLP
180 E Water St., Ste. 7000
Kalamazoo, Michigan 49007
269.276.8148
*Attorney for Delta Air Lines, Inc.*

22117586

| | | |
|---|---|---|
| Approved, SCAO | | JIS CODE: PSV |
| **STATE OF MICHIGAN<br>PROBATE COURT<br>KENT COUNTY<br>Circuit Court – Family Division** | **PROOF OF SERVICE** | FILE NO.<br>21-         TV |

In the matter of <u>Daniel G. Nulty Irrevocable Trust under Agreement dated June 20, 1990</u>

1. Titles of the papers served or mailed: <u>Order Granting Petition to Appoint Successor Trustee and Modify Trust,</u>

[x] 2.  I served by   [x] First Class Mail   [ ] registered mail (copy of return receipt attached)
         [ ] certified mail (copy of return receipt attached) the papers described above on:

| Name | Complete address of service | Date |
|---|---|---|
| Daniel G. Nulty | 456 Monroe Blvd.<br>South Haven, MI 49090 | June 10, 2021 |
| Mary A. Nulty | 456 Monroe Blvd.<br>South Haven, MI 49090 | June 10, 2021 |
| Dana M. Beals | 7481 Wild Prairie Ct.<br>Kalamazoo, MI 49009 | June 10, 2021 |
| Nicole T. Nulty-Vale on behalf of herself and as Parent on behalf of:<br>Vincent N. Vale | 9002 PQ Avenue<br>PO Box 2192<br>Portage, MI 49081 | June 10, 2021 |
| Tara B. Nulty | 2503 South Westnedge Ave.<br>Kalamazoo, MI 49008 | June 10, 2021 |
| T. Gregory ("T.G.") Nulty on behalf of himself and as Parent on behalf of:<br>Charlize M. Nulty<br>George G. Nulty<br>Henry T. Nulty | 568 Aquaview Drive<br>Kalamazoo, MI 49009 | June 10, 2021 |
| Monique M. Vale | 9002 PQ Avenue<br>PO Box 2192<br>Portage, MI 49081 | June 10, 2021 |
| Delaney M. Beals | 7481 Wild Prairie Ct.<br>Kalamazoo, MI 49009 | June 10, 2021 |
| Grant D. Vale | 9002 PQ Avenue<br>PO Box 2192<br>Portage, MI 49081 | June 10, 2021 |
| Lindsay R. Beals | 270 N. El Camino Real<br>Suite F534<br>Encinitas, CA 92024 | June 10, 2021 |
| Greenleaf Trust | 211 S. Rose Street<br>Kalamazoo, MI 49007 | June 10, 2021 |

Do not write below this line - For court use only

PC 564 (9/10)   **PROOF OF SERVICE**         MCL 700.1306, MCL 700.1401, MCR 5.104(A), MCR 5.105, MCR 5.107

[ ] 4. After diligent search and inquiry, I have been unable to find and serve the following interested persons. I have served these persons by publication. Attached are copies of form PC 617.

---

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

August 11, 2021
Date

Signature     Karen K. Zimmerman

| Service fee $ | Miles traveled | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ |